Oaria, per

Frost, J.
This case was submitted to the jury on the issue, that the defendant “had not been put in possession of the share of the said Mary Ann Gyles, in the residuary personal estate of the testator, William Wight-* man.” The presiding Judge charged, that if, on the final settlement of the estate of Wightman, there was no estate to divide, the defendant was not liable to pay the price he had agreed to give, according to the condition of the bond. *468 From this charge the defendant has presented several grounds of appeal. It is only necessary for the decision of the case, to notice the two first, which relate to the true construction of the condition of the bond. It may be proper to remark that these grounds, though made in the argument of the case in the circuit court, were not urged on the attention of the presiding Judge. Mere elementary principles of law, in the construction of contracts, are sufficient for the decision oí this case. They are, in general, the same at law and in equity; nor are they varied by the circumstance of the contract being under seal. Whether the instrument be submitted to the judgment of a Common Law Court or a Court of Equity, and whether it be under seal or not, there can be no substantial reason for any difference in the rules, by which the intention of the parties is to be ascertained from the terms they have used. The object of them is to do justice between the parties, by enforcing a performance of their agreement according to the sense in which they mutually understood it at the time it was made. Chitty on contracts, 73. The whole context should be considered in endeavoring to collect the intention of the parties. In the case of a bond with condition, the latter may be read and taken into consideration in order to explain the obligatory part of the instrument — Chitty on contracts 76 — so the recital may be used to qualify the general words of a subsequent distinct clause or stipulation. In Payler vs. Homershaw, 4 Maule & Sel. 423, it was recited in a composition deed that the defendant was indebted to his creditors in the several sums set to their respective names, and that they had agreed to take fifteen shillings in-the pound, and the creditors in consideration of the fifteen shillings paid to them, released the defendant from all manner of actions, debts, claims, &c. which they had against him, or thereafter could or might have, by reason of any thing from the beginning of the world to the date of the release. It was held that the release did not extend to any thing but the respective debts recited, and all actions concerning them, for the general words of the release had reference to the particular recital and were governed by it. And the case of Simons vs. Johnson, 3 Barn. & Ald. 175, is an authority that, in cases of this kind, parol *469 evidence may be received to shew and explain the nature of the matter recited. Matter put only by way of recital in an instrument, may amount to an agreement, when the recital is called into action, to discover and give effect to the meaning of the parties. Thus, in Sampson vs. Easterby, 9 Barn. & Cres. 505, when a lease of an undivided third part of certain mines contained a recital of an agreement made by the lessee with the lessor, for pulling down an old smelting mill, and building another of larger dimensions, and the lease contained a covenant to keep such new mill in repair, and so leave it at the expiration of the term, but did not contain a covenant to build it, it was held that such covenant was to be implied. Lord Tenterdon, delivering the judgment of the court says, “looking at this instrument and considering the nature of the subject matter, we think there is that which amounts to a covenant, which has been correctly stated in the declaration.” The bond in this case, was given in payment of the right and interest which the defendant had purchased of the plaintiff’s testatrix. The obvious and honest intention of the bond would be, that the defendant should pay the price when he had received the subject of his bargain. The first inquiry then, to be determined from the consideration of the condition and recital of the bond is, what did the defendant purchase from the plaintiff’s testatrix 1 Was it merely the right to a distributive share of the residuary estate of the testator, without any reference to the uncertain value of the right when it might be established; or was the sale of the right accompanied with a stipulation or guaranty that it should, when recovered, be attended with substantial pecuniary advantages; on the receipt and enjoyment of which, the defendant’s obligation to pay should accrue 1'
There is no circumstance or expression in the treaty for an execution of the bargain between the plaintiff’s testatrix and the defendant, to indicate that the defendant meant to purchase, or did actually purchase, any thing else than her contingent right, whatever it might be worth ; or to shew that the value or actual enjoyment in possession, of which that right might secure, entered into the consideration of the price which the defendant was to pay *470 for it. The recital in the deed of assignment, which set forth the subject matter of the contract, with the incidents affecting its value, makes no allusion to the amount of the estate of the testator, nor of the debts and legacies chargeable upon it. The uncertainty of the right depending on the existence of adverse claims which might entirely defeat it, is fully set out; and with this contingency alone in view, as affecting the value of the subject of the bargain, the price was stipulated. In the treaty for the purchase, as recited in the bond, it was spoken of as a “supposed share or interestand the particular in which it was regarded as contingent, or a merely “supposed” share', is indicated by the explanation immediately following, “if she should be decreed to be entitled to a share therein.” The condition of the bond is that, “in case the said Mary Ann Gyles shall be decreed and declared by any competent tribunal to be entitled to a distributive share,” then “the defendant do pay to Mary Ann Gyles, the sum of nineteen hundred and ninety pounds.” So far, no ambiguity arises respecting the condition on which the price shall be paid. It is when, and in case, Mary Ann Gyles, shall be decreed to be entitled to a distributive share. This construction is consistent with all the parts of the bond referred to, and also with the deed of assignment from the plaintiff’s testatrix to the defendant, whereby she transfers merely her “share, proportion, right, estate, title and interest,” without any engagement that it should produce any substantial or pecuniary benefit to the defendant. The terms of the condition, briefly stated in connection with each other are, in case the plaintiff’s testatrix be decreed to be entitled to a distributive share, then the defendant do pay the price stipulated, “when he shall receive or be put in possession of said share.” On this last of the terms of the condition is rested the objection of the defendant, that he is not liable to pay his bond until he receives a substantial share in money or property of the residuary estate, and that if, on the final settlement of the estate of Wightman, there is no personal estate to divide, he is not liable to pay the price he had agreed to give. The effect of this construction is, to superadd a covenant to that effect to the deed of assignment, for if the defendant is not bound to pay other *471 wise, it must be because the right to a distributive share was assigned to him with that stipulation. The word “share,” in this part of the condition, may be construed as synonymous with “right.” The use of these words in the bond will justify this signification. The objection of the defendant must then proceed on the assumption that possession cannot be affirmed of a right as separate from that in which it inheres. In the sense of the condition of the bond, the defendant may, without force, be considered to have been put in possession of the contingent right he .purchased when it wras established and decreed. This construction is not without analogy in the law; a husband is entitled to the choses in action of his wife when they are reduced into his possession, The delivery of a bond or note to the husband, though it only transfers to him a right to recover and receive the amount, is a reduction into possesssion of the chose in action ; so a judgment recovered on the wife’s chose vests the possession in the husband ; and yet in these cases, he has only established a right to demand payment from the debtor. A constructive possession attends the right, and in this sense the defendant may be considered to have been put in possession of the share when the contingent right to it, which he had purchased, was decreed and vested in him. He could not have manual possession of a right. The only possession of which it was capable, was the control, power and benefit which resulted from the decree of the court vesting it in him. The words “if any” according to this construction of the bond, would mean if any share were decreed.
This construction of the condition of the bond, is less exceptionable on account of any supposed violence to the expression of the deed, than that which would determine the liability of the defendant to pay the stipulated price by the substantial receipt of the share. This last condition would be almost illusory — would the' receipt of less than the whole incur the liability — to pay less than the entire share, would not satisfy the words of the condition. The defendant might refuse to receive the last inconsiderable payment on the share. This is an extreme supposition. But the defendant, by the purchase of Mrs. Gyles’s share, was entitled to the whole residuary estate. The execu *472 tors were accountable only to him, and in such circumstances collusion might be between a purchaser and executors to delay a final settlement of the estate indefinitely. If the defendant be not liable till he has received the entire share, how long might he, with the large amount of bad and doubtful debts, protract the payment of his bond, when it is considered that the defendant, entitled in right of his wife, to the real estate, had in the administration of the personal estate,, a direct interest, adverse to hers, to increase the real estate, at, the expense of the personal. This construction of the bond would be fraught with injustice. It is impossible to suppose that such could have been her understanding of the contract, and it must be adjudged in this case as in Paylor vs. Homershaw, that the words in the condition had reference to the agreement recited, and must be governed by it.
The next enquiry is, was the defendant, put in possession of the share, right or interest which he purchased. From the time that the decree vested the right in him, he has enjoyed the whole power, benefit and control of it, in a manner that secured him the most important advantages, not the less valuable because they cannot be measured in pecuniary value. He was enabled to control the rights and claims of Mrs. Gyles, which were adverse to his, in the administration of the estate. The claim to have the real estate distributed as personal, was prevented, and he was enabled to revive that equity in the decision of the case in Equity. He has quietly received the sum of eighty thousand dollars from the proceeds of the sale of the real estate. The sale of the real and personal estate in Georgia was arranged in respect of time, so as to be made subservient to the value of the real estate. The administration of the Georgia property might have been transferred to the courts of Georgia ; all the uncertainties of a foreign jurisdiction on his rights and claim to the residuary estate, have been avoided. The influence which might have attended the sole proprietorship, in the general administration of the estate, to direct it so as to advance his own interests, has been possessed without interference or contest. He was not delayed, injured or disquieted in the prosecution and enjoyment of his interests; all these *473 benefits accrued to the defendant from the purchase of the right or share of the plaintiffs’s testatrix in the residuary estate, from the time that, by the decree of the court, that right was established. The court is of opinion that by the true construction of the condition, the liability of the defendant to pay the sum stipulated in his bond, accrued when the court decreed that the contingent right, which he had purchased, was vested in Mrs. Gyles, and that by the power and control which from that time the defendant exercised in the right, it has been put in his possession. A new trial is therefore ordered.
Richardson, O’Neall, Butler and Wardlaw, JJ. concurred.